IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KENNETH MALLETT,<br><br>                Petitioner,<br><br>vs.<br><br>SUSAN HUBBARD, Director of Corrections,<br><br>                Respondent. | No. 2:09-cv-03378-JKS<br><br>ORDER TO SHOW CAUSE |

      Wade Kenneth Mallett, appearing *pro se*, filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254. At the time Mallett filed his Petition he was in the custody of the California State Department of Corrections and Rehabilitation ("CDCR"), incarcerated at the Folsom State Prison. In his Petition, Mallett challenged a prison disciplinary action that resulted in the loss of 360 days of good time. Mallett does not challenge his conviction or the sentence imposed as a result of that conviction in this proceeding.

      At Docket No. 26, Mallett filed a Notice of Change of Address to a Post Office Box in Laytonville, California. Because Mallett's current address does not correspond to the mailing address of any California penal institution, it appears that Mallett is no longer incarcerated. Although Mallett's current custodial status, if any, cannot be determined the record, whether Mallett remains in the custody of CDCR in parole status or has completed his term of custody is irrelevant.

Federal courts lack jurisdiction to consider moot claims.[1] "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."[2] "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."[3] The only relief this Court may grant in this case is to remand the matter to the CDCR for a new disciplinary hearing consistent with the requirements of due process.[4] Because Mallett is no longer incarcerated, whether his good time credits are restored does not affect his current custodial status, if any. Accordingly, the matter appears to be moot.

**IT IS THEREFORE ORDERED THAT**, not later than **July 18, 2011**, Wade Kenneth Mallett must show cause why the Petition in this case should not be dismissed as moot.

**IT IS FURTHER ORDERED THAT**, unless Mallett shows good cause within the time specified in the preceding paragraph, the Petition will be dismissed as moot without further notice.

Dated:  June 22, 2011.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[1] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

[2] *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

[3] *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008) (quoting *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)).

[4] *See Clifton v. Attorney General of State of Cal.*, 997 F.2d 660, 665 (9th Cir. 1993).