IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KENNETH MALLETT,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>SUSAN HUBBARD, Director of Corrections,<br><br>　　　　　Respondent. | No. 2:09-cv-03378-JKS<br><br>DISMISSAL ORDER |

　　　　Wade Kenneth Mallett, a state parolee appearing *pro se*, filed a Petition for Habeas Corpus under 28 U.S.C. § 2254. At the time that Mallett filed his Petition, he was in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), incarcerated at the Folsom State Prison. While the Petition was pending before this Court, Mallett was released to parole status. In his Petition, Mallett challenges a prison disciplinary action that resulted in the loss of 360 days of good time. Mallett does not challenge his conviction or the sentence imposed as a result of that conviction in this proceeding.

I.　BACKGROUND/PRIOR PROCEEDINGS

　　　　Mallett is serving a six-year sentence following his April 2007 conviction in the Humboldt County Superior Court of Burglary (Cal. Penal Code § 459). In May 2008 Mallett was charged in a Rules Violation Report ("RVR") with battery upon another inmate with serious bodily injury. After a hearing before a Senior Hearing Officer ("SHO"), Mallett was found guilty

and assessed a 360-day credit forfeiture.[1]  After exhausting his administrative remedies,[2] Mallett timely filed a habeas petition in the Kern County Superior Court, which denied his petition in an unreported, reasoned decision.  Mallett's subsequent habeas petition was summarily denied by the California Court of Appeal, Third District, without opinion or citation to authority, and the California Supreme Court denied review on November 19, 2009.  Mallett timely filed his Petition in this Court on December 2, 2009, and his Second Amended Petition with leave of court on January 11, 2010.

Because it appeared that Mallett had been released to parole status, this Court issued an Order to Show Cause why this matter should not be dismissed as moot.[3]  Mallett responded to that Order.[4]

## II. GROUNDS RAISED/DEFENSES

In his Amended Petition, although Mallett has enumerated four grounds, Mallett actually only raises three:[5]  (1) denial of the right to an impartial hearing officer; (2) the SHO failed to make an indicia of reliability of the evidence to support the guilty finding, and (3) prison officials

---

[1] Cal. Code & Regs. tit. 15, § 3323(b)(3) ("Battery causing serious injury") (punishable by a credit forfeiture of between 181 and 360 days).

[2] Prisoner disciplinary actions are subject to internal administrative review.  Cal. Code Regs. tit. 15, §§ 3084.1, 3084.2, 3084.7, 3084.9.

[3] Docket No. 27.

[4] Docket No. 28.

[5] Mallett's first ground is simply a statement of the standard that this Court applies in a federal habeas proceeding.

failed to produce or consider material exculpatory evidence.  Mallett has also requested an evidentiary hearing.  Respondent asserts no affirmative defense.[6]

### III.  DISCUSSION

Because a finding of mootness requires that this Court dismiss the Petition, the question of mootness must be addressed first.  Mallett's release to parole status does not necessarily render his conviction of a disciplinary rule violation moot if there are any significant collateral consequences as a consequence of that conviction.[7]  Mallett contends that, because if the disciplinary action is reversed and vacated his parole period would be reduced by the 360 days good-time credits lost under § 3323(k),[8] the matter is not moot.  This Court disagrees.

Federal courts lack jurisdiction to consider moot claims.[9]  "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."[10]  "The basic question in determining mootness is whether there is a

---

[6] *See* Rules—Section 2254 Cases, Rule 5(b).

[7] *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968).

[8] Cal. Code & Regs. tit. 15, § 3323 provides in relevant part:
(k)  If an inmate is held beyond an established parole date because of a disciplinary or prosecution action, the number of days the inmate is overdue when released shall be deducted from their parole period when one or more of the following apply:
    (1) The inmate is found not guilty of the charges.
    (2) No credit is forfeited as a result of the disciplinary hearing.
    (3) An inmate appeal results in reduction of the credit forfeiture ordered in the disciplinary hearing.
    (4) A Board of Prison Terms review results in restoration of all or part of the credit forfeiture ordered in the disciplinary hearing.

[9] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

[10] *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

present controversy as to which effective relief can be granted."[11]  Based upon the record before this Court, it does not appear that the application of § 3323(k) would result in any relief.

The Calculation Worksheet – Determinate (DSL) indicates that, after the loss of his good-time credit was taken into consideration, Mallett's Earliest Possible Release Date ("EPRD") was November 4, 2011.[12]  Mallett was actually released to parole status on February 5, 2011,[13] 272 days before his adjusted EPRD, but 88 days after his EPRD if the 360 days had not been subtracted. Thus, the most relief that Mallett could receive as a result of a favorable decision by this Court is a reduction of 88 days in his parole period.  In this case, however, the record reflects that a favorable decision by this Court would not result in that reduction.

In his administrative appeal, Mallett essentially conceded that he was guilty of battery, contesting solely the finding of serious bodily injury.[14]  Mallett similarly admitted in his petitions to the state courts to having committed battery without serious bodily injury or, at the very least, to having been in a fight.[15]  In his administrative appeals, Mallett requested that he either be granted a new hearing or the charge be reduced to a Division (D) offense,[16] forfeiture of 61-90

---

[11] *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008) (quoting *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)).

[12] Docket No. 22-1, p. 70.

[13] Docket No. 28.

[14] Docket No. 22-3, pp. 16-17 (Mallett's Director's Level Appeal), 22 (Director's Level Appeal Decision).

[15] Docket No. 22-2, p. 40 (Habeas Petition to Court of Appeal); 22-4, p. 6 (Petition for Review to California Supreme Court).

[16] Docket No. 22-3, p. 22.

4

days.[17]  Assuming, *arguendo*, that Mallett is granted a new hearing, at best, based upon his own admissions he would still be convicted of either fighting or battery without serious bodily injury. Mallett was released to parole status less than 90 days after his EPRD determined without any loss of credits.  Because the likely penalty for a simple battery or fighting conviction would be 90 days, it does not appear that this Court can grant Mallett any meaningful relief, and the Petition is moot.

IV.  ORDER

**IT IS THEREFORE ORDERED THAT** the request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED** as moot.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[18]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[19]

The Clerk of the Court is to enter judgment accordingly.

Dated:  August 26, 2011.

                                                  /s/ James K. Singleton, Jr.
                                                  JAMES K. SINGLETON, JR.
                                                  United States District Judge

---

[17] Cal. Code & Regs. tit. 15, § 3323(f)(9) ("Assault or battery upon an inmate with no serious injury"), (10) ("Fighting").

[18] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705-06 (2004) ("to obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'") (quoting *Miller-El*, 537 U.S. at 327).

[19] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.